IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ASHLEY TERRELL BROOKS,

    Petitioner,

v.                                 Civil Action No. 3:16CV857

ERIC C. WILSON,

    Respondent.

## MEMORANDUM OPINION

Ashley Terrell Brooks, a federal inmate, filed this 28 U.S.C. § 2241 petition ("§ 2241 Petition," ECF No. 1). For the reasons set forth below, the § 2241 Petition will be dismissed for lack of jurisdiction.

### I. BACKGROUND

Brooks pled guilty to possession of a firearm by a convicted felon and was sentenced to the mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") of 180 months in prison. United States v. Brooks, 296 F. App'x 327, 328 (4th Cir. 2008). Brooks challenges his enhanced sentence under ACCA.[1] (§ 2241 Pet. 1-2.) Brooks contends that in light

---

[1] As noted by the Supreme Court,

    Federal law forbids certain people-such as convicted felons, persons committed to mental institutions, and drug users-to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has

of the decisions in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he no longer has three predicate felonies for an ACCA sentence. (Id.) On October 24, 2017, Respondent filed his response and agreed that, in light of Newbold, one of Brooks's prior drug offenses no longer qualifies as "as a 'serious drug offense' predicate for the defendant's ACCA sentence of 15 years." (Resp. 4, ECF No. 8.) Respondent further conceded that Brooks "no longer qualifies under ACCA and his maximum sentence is only 10 years in prison. Because he has already served that amount [of time], the court should order his release from prison." (Id. at 4-5.) In making this concession, Respondent, however, failed to address how, under the established precedent for the United States Court of Appeals for the Fourth Circuit, the Court had jurisdiction to grant such relief under 28 U.S.C. § 2241. Accordingly, by Memorandum Order entered on October 25, 2017, the Court appointed counsel for Brooks and directed the parties to file further briefs with respect to the issue of jurisdiction. The parties have filed the required briefing.

---

       three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

Johnson v. United States, 135 S. Ct. 2551, 2555 (2015) (citations omitted).

2

For the reasons that follow, the Court finds that it lacks jurisdiction under 28 U.S.C. § 2241 to grant Brooks relief.

## II. JURISDICTION UNDER 28 U.S.C. § 2241

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (citations omitted). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. (citations omitted).

A motion made pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such a motion must be filed with the sentencing court. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence

---

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at

3

are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the <u>conduct of which the prisoner was convicted is deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a

---

*3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

4

remedy for the "fundamental defect presented by a situation in which <u>an individual is incarcerated for conduct that is not criminal</u> but, through no fault of his [or her] own, [he or she] has no source of redress." Id. at 333 n.3 (emphasis added). The Fourth Circuit has instructed that if a § 2241 petitioner cannot satisfy the test of In re Jones, the "unauthorized habeas motion must be dismissed for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Brooks obviously cannot satisfy this test, because his conduct of conviction—possession of a firearm by a convicted felon—remains criminal.

The parties acknowledge that In re Jones remains the controlling test in the Fourth Circuit, but contend that the "fundamental defect" test also embraces circumstances for individuals whose conduct remains criminal, but his or her sentence exceeds the statutory maximum sentence. As explained below, adoption of this view requires a revision of the controlling test in the Fourth Circuit and not merely an interpretation of the binding precedent. See United States v. Surratt, 797 F.3d 240, 248-50 (4th Cir. 2015);[3] Farrow v. Revell,

---

[3] The Court recognizes that the panel decision in Surratt does not constitute binding precedent as it was vacated by the Fourth Circuit's granting of rehearing en banc. See 4th Cir. Loc. R. App. P. 35(c). Further, the panel decision was not reinstated when the court found the petitioner's claims to be moot in its ruling on rehearing and dismissed the appeal. United States v. Surratt, 855 F.3d 218 (4th Cir. 2017), petition for cert. filed, July 21, 2017 (No. 17-5255). Nevertheless, the

5

541 F. App'x 327, 328 (4th Cir. 2013) (citation omitted) (concluding petitioner's "challenge to his armed career criminal status is not cognizable in a § 2241 petition"); see Poole, 531 F.3d at 267 n.7 ("Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." (citing In re Jones, 226 F.3d at 333-34)). In the absence of an intervening decision from the Supreme Court or the Fourth Circuit, such a revision is beyond the power of this Court.

In re Jones made a "clear limitation . . . that, before the case can be used to invoke § 2255(e), the law must have changed 'such that the conduct of which the prisoner was convicted is deemed not to be criminal.'" Surratt, 797 F.3d at 248 (quoting In re Jones, 226 F.3d at 334). Citing Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), Brooks contends that "it is not only logical, but arguably required to describe Mr. Brooks as having been 'convicted' under ACCA. On this understanding Jones applies full force on its own terms, and allows a habeas petition for a claim of actual innocence of the sentencing enhancement." (Reply 3, ECF No. 11.) Surratt raised a similar argument and the Fourth Circuit explained why it was foreclosed by the relevant precedent:

---

Court cites to the panel opinion as it reflects the current state of the law in the Fourth Circuit and addresses many of the arguments raised by the parties here.

6

> [Surratt] argues that his predicate convictions constitute elements of a separate, aggravated offense for recidivists. If that proved true, we might say that Surratt was not guilty of the prior conviction "element," and therefore innocent of the recidivist offense. Yet we do not treat a prior conviction "as an element of [the] offense." Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); see also Alleyne v. United States, --- U.S. ----, 133 S.Ct. 2151, 2160 & n. 1 (2013). . . .
>
> Surratt insists that his sentence enhancements are different. They are not. . . .

Id. at 248 (second alteration in original)(parallel citations omitted).

The Fourth Circuit does not recognize the sort of actual innocence of a sentencing enhancement as pressed by Brooks here:

> "[A]ctual innocence," the Supreme Court has told us, "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) ("While Bousley addressed the standard that a petitioner must meet for claims brought under § 2255, this standard applies equally to actual innocence claims brought under § 2241."). So, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." Pettiford, 612 F.3d at 284; accord Damon v. United States, 732 F.3d 1, 5-6 (1st Cir. 2013); McKay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011). Surratt does not suggest that he did not commit the crimes listed in the Government's original information. He only says Simmons changed the relevance of those crimes in determining his later sentence. Surratt's argument constitutes the sort of argument about "legal classification" that we have deemed insufficient.

Id. at 250 (alteration in original).

7

Additionally, pointing to his own procedural history, Brooks contends that "[a] § 2255 motion is actually inadequate and ineffective to test the legality of Mr. Brooks' detention." (Reply 4 (emphasis omitted, capitalization corrected).) Like, Surratt, Brooks "never suggests that the § 2255 mechanism denied him a chance to make his present argument. At best, he says only that [the Fourth Circuit's] pre-Simmons reading of" North Carolina law, the ineffective assistance of counsel, and his own lack of legal acumen did. Surratt, 797 F.3d at 254; (Reply 4-8). Allegations of this ilk do not render § 2255 inadequate so as to allow a petitioner access to § 2241. Id.

Finally, Brooks suggests that failing to afford him relief would run afoul of the Suspension Clause. This is simply not so. "[A] Suspension Clause problem [does not] develop whenever a prisoner is unable to take advantage of a later, favorable case. 'Congress can, without offending the Suspension Clause, . . . narrow the source of law cognizable on habeas review.'" Id. at 265 (quoting Green v. French, 143 F.3d 865, 876 (4th Cir. 1998), abrogated on other grounds, Williams v. Taylor, 529 U.S. 362, 376-77 (2000)). "[T]he Suspension Clause is not offended" simply because an individual is denied the benefit a new interpretation of a criminal statute. Id. (citations omitted).

When "a federal prisoner brings a § 2241 petition that does not fall within the scope of th[e] savings clause, then the district court must dismiss the unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position." Id. at 247 (internal citation and quotation marks omitted). That is the case here. Accordingly, for the reasons set forth above, the § 2241 Petition will be dismissed for lack of jurisdiction.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP  
Robert E. Payne  
Senior United States District Judge

Date: December 5, 2017  
Richmond, Virginia