

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ASHLEY TERRELL BROOKS,

    Petitioner,

v.                                            Civil Action No. 3:16CV857

ERIC C. WILSON,

    Respondent.

## MEMORANDUM OPINION

Ashley Terrell Brooks, a federal inmate, filed this 28 U.S.C. § 2241 petition ("§ 2241 Petition," ECF No. 1). For the reasons set forth below, the § 2241 Petition will be granted.

Brooks pled guilty to possession of a firearm by a convicted felon and was sentenced to the mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") of 180 months in prison. United States v. Brooks, 296 F. App'x 327, 328 (4th Cir. 2008). Brooks challenges his enhanced sentence under ACCA.[1] (§ 2241 Pet.

---

[1] As noted by the Supreme Court,

> Federal law forbids certain people-such as convicted felons, persons committed to mental institutions, and drug users-to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

Johnson v. United States, 135 S. Ct. 2551, 2555 (2015) (citations omitted).

1-2.) Brooks contends that in light of the decisions in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he no longer has three predicate felonies for an ACCA sentence. (Id.) On October 24, 2017, Respondent filed his response and agreed that, in light of Newbold, one of Brooks's prior drug offenses no longer qualifies as "as a 'serious drug offense' predicate for the defendant's ACCA sentence of 15 years." (Resp. 4, ECF No. 8.) Respondent further conceded that Brooks "no longer qualifies under ACCA and his maximum sentence is only 10 years in prison. Because he has already served that amount [of time], the court should order his release from prison." (Id. at 4-5.)

Nevertheless, by Memorandum Opinion and Order entered on December 6, 2017, the Court denied Brooks's § 2241 Petition because it concluded that it lacked jurisdiction under 28 U.S.C. § 2241. The Court explained that:

> A motion made pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such a motion must be filed with the sentencing court. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). . . .
> The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (internal

2

quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which <u>an individual is incarcerated for conduct that is not criminal</u> but, through no fault of his [or her] own, [he or she] has no source of redress." Id. at 333 n.3 (emphasis added). The Fourth Circuit has instructed that if a § 2241 petitioner cannot satisfy the test of In re Jones, the "unauthorized habeas motion must be dismissed for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Brooks obviously cannot satisfy this test, because his conduct of conviction-possession of a firearm by a convicted felon-remains criminal.

Brooks v. Wilson, No. 3:16CV857, 2017 WL 6046128, at *1-2 (E.D. Va. Dec. 6, 2017), vacated and remanded, 733 F. App'x 137 (4th Cir. 2018). Brooks appealed.[2]

On August 3, 2018, the United States Court of Appeals for the Fourth Circuit granted Brooks's appeal and vacated the decision of this Court. Brooks, 733 F. App'x at 138. The Fourth Circuit noted that:

---

[2] In June of 2018, the Court released Brooks on conditions pending the outcome of his appeal. (ECF Nos. 27-29.)

3

The district court determined that Brooks was unable to challenge his sentence under the savings clause of 28 U.S.C. § 2255(e) (2012). The district court did not have the benefit of our recent decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). In light of Wheeler, we vacate the district court's order and remand the case for further proceedings.

Id.

In Wheeler, the Fourth Circuit formulated a new, broader test that allows inmates to proceed under 28 U.S.C. § 2241 to challenge their sentences:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429 (citations omitted), cert. denied, No. 18-420, 2019 WL 1231947 (U.S. Mar. 18, 2019).

Thereafter, the Fourth Circuit concluded that Wheeler satisfied this new test because:

> [I]t is undisputed that at the time Appellant was sentenced in February 2008, his sentence was legal pursuant to Harp.[3] Second, the en banc Simmons decision, which abrogated Harp, was decided August 17, 2011, and was made retroactive on collateral review by Miller[4] on August 21, 2013. This all occurred after

---

[3] United States v. Harp, 406 F.3d 242 (4th Cir. 2005).

[4] Miller-El v. Cockrell, 537 U.S. 322 (2003).

4

>  Appellant's direct appeal, filed March 2008, and his first § 2255, filed June 2010. Although Appellant actually raised a <u>Simmons</u> type claim in his first § 2255 on ineffective assistance of counsel grounds, the <u>Simmons</u> en banc decision itself could not have been invoked at that time because it did not exist. . . . In addition, Appellant is unable to satisfy the requirements of § 2255(h)(2) because <u>Simmons</u> was a statutory decision and was not made retroactive by the Supreme Court.

<u>Id.</u> at 429-30 (internal citation omitted). Lastly, the Fourth Circuit concluded that Wheeler's enhanced mandatory minimum sentence under ACCA "meets the third requirement of the savings clause—that his sentence now presents an error sufficiently grave to be deemed a fundamental defect." <u>Id.</u> at 433.

Brooks's challenge to his ACCA sentence is essentially identical to that of the petitioner in <u>Wheeler</u>. The parties agree that Brooks is entitled to relief in the form of entering "a new judgment order correcting Mr. Brooks's sentence to 120 months of imprisonment and three years of supervised release with the same conditions originally imposed – the statutory maximum for his conviction under 18 U.S.C. § 922(g)." (ECF No. 36, at 2; <u>see</u> ECF No. 42, at 1.) The Court can enter this corrected judgment without conducting a formal resentencing. <u>See</u> <u>United States v. Hadden</u>, 475 F.3d 652, 669 (4th Cir. 2007) (explaining that the district court "has broad and flexible power under § 2255 to determine the nature and scope of the remedial proceedings in the first instance . . . and nothing in the sentence-package theory forbids

the district courts from doing what the text of § 2255 clearly permits: correcting a prisoner's unlawful sentence without conducting a formal resentencing" (alterations and internal quotation marks omitted)); see United States v. Triestman, 178 F.3d 624, 630 (2d Cir. 1999) ("We . . . see no reason to view a court's remedial powers more narrowly in a § 2241 motion than in a § 2255 motion." (citing Swain v. Pressley, 430 U.S. 372, 381 (1977))). Accordingly, Brooks's § 2241 Petition (ECF No. 1) will be granted. Brooks's Judgment in a Criminal Case will be amended: to omit any reference to 18 U.S.C. § 924(e); to reflect that he was simply convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); to reflect that Brooks's sentence is reduced to 120 months of imprisonment; and to reflect that Brook's term of supervised release is reduced to a term of three (3) years under the supervision of the United States District Court for the Western District of North Carolina.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: May 2, 2019
Richmond, Virginia